FILED
CLERK
10/28/2025
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANXI QIU,

*Plaintiff*,

-against-

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

*Defendant*.
------------------------------------------------------------X

**ORDER**
25-CV-5502 (JMW)

**WICKS,** Magistrate Judge:

Before the Court is pro se plaintiff Anxi Qiu ("Plaintiff") application to proceed *in forma pauperis* in this action against the United States Citizenship and Immigration Services ("Defendant") seeking mandamus review of Plaintiff's I-589 application. (*See* ECF Nos. 1-2.) For the reasons that follow, Plaintiff's application to proceed *in forma pauperis* is **denied** without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form"). Alternatively, Plaintiff may pay the $405.00 filing fee.

To qualify for *in forma pauperis* status, the Supreme Court has established that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co*., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). "The purpose of the statute permitting litigants to proceed IFP [*in forma pauperis*] is to insure that indigent persons have equal access to the judicial system." *Davis v. NYC Dept. of Educ*., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies

for *in forma pauperis* status is within the discretion of the district court. *Id.* (citing *DiGianni v. Pearson Educ.*, No. 10-CV-0206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010)). The court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Further, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

Plaintiff's application does not include sufficient information for the Court to determine that Plaintiff is qualified for *in forma pauperis* status and raises more questions than it answers. (*See* ECF No. 2.) For example, Plaintiff reports no sources of income during the past twelve months, no money in cash or in an account, no assets, and no expenses for items including rent, utilities, and groceries. (*Id.* at ¶¶ 3, 5-6.) Further, Plaintiff reports having no debts or financial obligations. (*Id.* at ¶ 8.) Curiously, Plaintiff includes a residential address and a telephone number in the Complaint yet includes no expenses associated therewith. (*See* ECF No. 1 at ¶ I.A.)

Given Plaintiff's responses, the *in forma pauperis* application is, at best, incomplete. *See, e.g., Dan M. v. Kijakazi*, No. 3:22-CV-00664, 2022 WL 2069112, at *2 (D. Conn. May 19, 2022) ("When an applicant fails to explain how he supports himself, courts generally regard his application as incomplete and insufficient to establish an entitlement to *in forma pauperis* status.") (citing *Amanda M. v. Kijakazi*, No. 3:22-CV-00353, 2022 WL 1395941, at *1 (D. Conn. Apr. 29, 2022) ("Because no one can live on no income and no assets . . . these sorts of affidavits must be incomplete and, by extension, fail to support *in forma pauperis* status.")). Accordingly, the application to proceed *in forma pauperis* is denied without prejudice to a renewal thereof on

the Long Form accompanying this Order. Alternatively, Plaintiff may pay the $405.00 filing fee.

Plaintiff shall either file the Long Form or remit the filing fee **on or before October 28, 2025**, or this action will be reassigned to a District Judge and the undersigned will recommend that this action be dismissed without prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court shall mail a copy of this Order to the Plaintiff at the address of record and record such mailing on the docket.

**SO ORDERED**

Dated: Central Islip, New York
October 28, 2025

**S O O R D E R E D:**

/S/ James M. Wicks
JAMES M. WICKS
United States Magistrate Judge